UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| SB ONE BANCORP, EDWARD J. LEPPERT, ANTHONY LABOZZETTA, RICHARD BRANCA, SALVATORE A. DAVINO, GAIL GORDON, MARK J. HONTZ, WALTER E. LOEFFLER, MICHAEL F. LOMBARDI, MICHAEL X. MCBRIDGE, ROBERT MCNERNEY, and PETER MICHELOTTI, | ) CLASS ACTION ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on March 12, 2020 (the "Proposed Transaction"), pursuant to which SB One Bancorp ("SB One" or the "Company") will be acquired by Provident Financial Services, Inc. ("Provident Financial"), a Delaware corporation.

2. On March 11, 2020, SB One's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Provident Financial. Pursuant to the terms of the Merger Agreement, shareholders of SB One will receive 1.357 shares of Provident Financial common stock for each share of SB One they own.

3. On May 8, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for June 24, 2020.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of SB One common stock.

9. Defendant SB One is a New Jersey corporation and a party to the Merger Agreement. SB One's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "SBBX."

10. Defendant Edward J. Leppert is Chairman of the Board of the Company.

11. Defendant Anthony Labozzetta is Chief Executive Officer, President, and a director of the Company.

12. Defendant Richard Branca is a director of the Company.

13. Defendant Salvatore A. Davino is a director of the Company.

14. Defendant Gail Gordon is a director of the Company.

15. Defendant Mark J. Hontz Vice Chairman of the Board of the Company.

16. Defendant Walter E. Loeffler is a director of the Company.

17. Defendant Michael F. Lombardi is a director of the Company.

18. Defendant Michael X. McBride is a director of the Company.

19. Defendant Robert McNerney is a director of the Company.

20. Defendant Peter Michelotti is Chief Operating Officer, Senior Executive Vice President, and a director of the Company.

21. The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of SB One (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of March 11, 2020, there were approximately 9,273,375 shares of SB One common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company and the Proposed Transaction**

29. SB One is the holding company for SB One Bank, a full-service, commercial bank that operates regionally with eighteen branch locations in New Jersey and New York.

30. In addition to its branches and loan production offices, SB One Bank offers a full-service insurance agency, SB One Insurance Agency, Inc., and wealth services through SB One Wealth.

31. On March 11, 2020, the Individual Defendants caused the Company to enter into the Merger Agreement with Provident Financial.

32. Pursuant to the terms of the Merger Agreement, shareholders of SB One will receive 1.357 shares of Provident Financial common stock for each share of SB One they own.

33. According to the press release announcing the Proposed Transaction:

> Provident Financial Services, Inc. ("Provident") (NYSE: PFS), the parent company of Provident Bank, and SB One Bancorp ("SB One") (NASDAQ: SBBX), the parent company of SB One Bank, today announced that they have entered into a definitive merger agreement under which Provident will acquire SB One. . . .
>
> Provident will acquire all of the outstanding shares of SB One in exchange for common shares of Provident. The exchange ratio will be fixed at 1.357 Provident shares for each share of SB One, resulting in an aggregate transaction value of approximately $208.9 million, based on Provident's closing stock price on March 11, 2020. The transaction consideration is presently valued at $22.09 per share for SB One shareholders. . . .
>
> The merger agreement has been unanimously approved by the boards of directors of both companies. The merger is expected to close in the third quarter of 2020, subject to satisfaction of customary closing conditions, including receipt of required regulatory approvals and approval by the shareholders of SB One. In the transaction, SB One will merge into Provident, and SB One Bank will merge into Provident Bank, with Provident and Provident Bank being the surviving entities. . . .
>
> Piper Sandler & Co. served as financial advisor and Luse Gorman, PC provided legal counsel to Provident.
>
> Keefe, Bruyette & Woods, *A Stifel Company*, served as financial advisor and Hogan Lovells US LLP served as legal counsel to SB One.

**The Proxy Statement Omits Material Information**

34. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

35. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

36. First, the Proxy Statement omits material information regarding SB One's and Provident Financial's financial projections.

37. The Proxy Statement fails to disclose the "'street estimates' of SB One . . . discussed with [Keefe, Bruyette & Woods, Inc. ("KBW")] by SB One management and used and relied upon by KBW at the direction of such management and with the consent of the SB One board of directors."

38. The Proxy Statement fails to disclose the "'street estimates' of Provident Financial, as well as [the] assumed long-term Provident Financial growth rates provided to KBW by Provident Financial management, all of which information was discussed with KBW by Provident Financial management and used and relied upon by KBW based on such discussions, at the direction of SB One management and with the consent of the SB One board of directors."

39. The Proxy Statement fails to disclose the "estimates regarding certain pro forma financial effects of the Merger on Provident Financial (including, without limitation, the cost savings and related expenses expected to result or be derived from the Merger) that were prepared by, and provided to and discussed with KBW by, Provident Financial management and that were used and relied upon by KBW based on such discussions, at the direction of SB One management and with the consent of the SB One board of directors."

40. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41. Second, the Proxy Statement omits material information regarding the financial analyses performed by KBW.

42. With respect to KBW's Provident Financial Selected Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by KBW in the analysis.

43. With respect to KBW's SB One Selected Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by KBW in the analysis.

44. With respect to KBW's Selected Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed by KBW in the analysis.

45. With respect to KBW's Relative Contribution Analysis, the Proxy Statement fails to disclose: (i) the balance sheet and income statement data for Provident Financial and SB One; and (ii) the street estimates for Provident Financial and SB One.

46. With respect to KBW's Financial Impact Analysis, the Proxy Statement fails to disclose: (i) the closing balance sheet estimates as of September 30, 2020 for Provident Financial and SB One; (ii) the calendar year 2020 and 2021 EPS consensus street estimates for Provident Financial and the assumed long-term EPS growth rate for Provident Financial; (iii) the calendar year 2020 and 2021 EPS consensus street estimates for SB One; (iv) the pro forma assumptions, including the cost savings and related expenses expected to result from the Proposed Transaction, and the accounting adjustments and restructuring charges assumed with respect thereto; (v) the extent to which the Proposed Transaction could be accretive to Provident Financial's estimated 2020 EPS and estimated 2021 EPS; and (vi) the extent to which the Proposed Transaction could be dilutive to Provident Financial's estimated tangible book value per share at closing as of September 30, 2020.

47. With respect to KBW's Provident Financial Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the consensus street estimates of Provident Financial and the assumed long-term growth rates for Provident Financial; (ii) the individual inputs and assumptions underlying the discount rates ranging from 8.0% to 10.0%; (iii) the estimated excess cash flows that Provident Financial could generate over the period from September 30, 2020 through December 31, 2025 as a standalone company; (iv) Provident Financial's terminal values; (v) KBW's basis for applying a range of 9.0x to 11.0x Provident Financial's estimated 2026 earnings; and (vi) KBW's basis for applying a range of 1.00x to 1.30x Provident Financial's estimated December 31, 2025 tangible book value.

48. With respect to KBW's SB One Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the consensus street estimates for SB One; (ii) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 11.0%; (iii) the estimated excess cash flows that SB One could generate over the period from September 30, 2020 through December 31, 2025 as a standalone company; (iv) SB One's terminal values; (v) KBW's basis for applying a range of 8.0x to 10.0x SB One's estimated 2026 earnings; and (vi) KBW's basis for applying a range of 0.95x to 1.15x SB One's estimated 2025 tangible book value.

49. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

50. Third, the Proxy Statement omits material information regarding KBW's engagement.

51. The Proxy Statement fails to disclose the amount of compensation KBW received for "act[ing] as financial advisor to SB One in connection with its December 2018 acquisition of

Enterprise Bank N.J."

52. The Proxy Statement fails to disclose the amount of compensation KBW received for "act[ing] as financial advisor to Beacon Trust Company, a wholly-owned subsidiary of Provident Bank, in connection with its April 2019 acquisition of Tirschwell & Loewy, Inc."

53. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

54. Fourth, the Proxy Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

55. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

56. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) SB One's Reasons for the Merger; (iii) Recommendation of SB One's Board of Directors; and (iv) Opinion of SB One's Financial Advisor.

57. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SB One

58.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. SB One is liable as the issuer of these statements.

60.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

61.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

62.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

63.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

64.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

65. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

66. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

67. The Individual Defendants acted as controlling persons of SB One within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of SB One and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

68. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

69. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

70. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

71. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 15, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com